IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dejuan Smith, | C/A No. 6:26-cv-1336-JFA-KFM |
| Petitioner, | |
| v. | **ORDER** |
| Director Hill-Finklea Detention Center, | |
| Respondent. | |

Petitioner Dejuan Smith, a self-represented pretrial detainee, filed this federal habeas corpus action pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Magistrate Judge prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 12). Within the Report, the Magistrate Judge opines that this matter should be summarily dismissed. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Petitioner was advised of his right to object to the Report, which was entered on the docket on June 11, 2026. *Id.* The Magistrate Judge required Petitioner to file objections by June 25, 2026. *Id.* Petitioner failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Petitioner's Petition is subject to summary dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 12). Consequently, this action is dismissed without prejudice and without requiring Respondent to file a response.

It is further ordered that a certificate of appealability is denied because Petitioner

has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).[2]

IT IS SO ORDERED.

July 23, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."